IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
PECOS DIVISION

| | | |
|---|---|---|
| VICKI HINES and EARL HINES | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | Civil Action No. __4:21-cv-00083__ |
| | § | |
| STATE FARM LLOYDS | § | |
| Defendant. | § | |

## DEFENDANT STATE FARM LLOYDS' NOTICE OF REMOVAL

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

Defendant State Farm Lloyds ("State Farm") files this Notice of Removal pursuant to 28 U.S.C. §1446(a) and respectfully shows the following:

### Procedural Background

1.      On October 14, 2021, Plaintiffs Vicki Hines and Earl Hines filed their Original Petition styled Cause P-12817-112-CV; *Vicki Hines and Earl Hines v. State Farm Lloyds;* In the 112th Judicial District Court, Pecos County, Texas.[1]

2.      Service of suit upon State Farm's registered agent occurred on October 19, 2021 and State Farm timely answered thereafter on November 4, 2020.[2]

3.      State Farm now timely files this Notice of Removal within thirty (30) days of service of suit.

### Nature of the Suit

4.      This lawsuit involves a dispute over State Farm's handling of Plaintiffs' insurance claim for damages allegedly caused by a severe weather event occurring on or about October 1,

---

[1] *See* Exhibit A, Plaintiffs' Original Petition at page 1.
[2] *See* Exhibit A, State Farm's Original Answer.

2019 at Plaintiffs' rental property located at 120 4ᵗʰ Street, Iraan, Pecos County, Texas 79744. Plaintiffs assert causes of action against State Farm for breach of contract, violations of the Texas Deceptive Trade Practice Act, violations of the Texas Insurance Code, and breach of common law duty of good faith and fair dealing. Plaintiffs currently seek damages to regain the benefit of their bargain, actual damages, additional damages (calculated as a multiple of Plaintiffs' actual damages), consequential damages, mental anguish damages, treble damages, interest, attorneys' fees, and costs of court.

### *Basis for Removal*

5.      Removal is proper under 28 U.S.C. § 1332 because there is complete diversity of citizenship between the proper parties to the suit and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.[3]

6.      Upon information and belief, Plaintiffs were each a citizen of Texas when their Petition was filed, and each continues to be a citizen of Texas.

7.      At the time Plaintiffs' Original Petition was filed in State District Court on October 14, 2021 naming State Farm Lloyds as Defendant, and as of the date of filing this Notice, State Farm Lloyds was and is not a citizen of the State of Texas for diversity jurisdiction purposes.[4]  State Farm Lloyds is an association of individual underwriters.[5]  At the time this lawsuit was filed, and all times relevant to determining diversity jurisdiction, all of the

---

[3] The Original Petition asserts Plaintiffs' "seek monetary relief greater than $25,000.00". *See* Exhibit A, Plaintiffs' Original Petition at page 2. *See also* Exhibit E, Declaration of Jessica R. Mann: Defendant's counsel conferred with Plaintiffs' counsel concerning the damages pled, and Plaintiffs' counsel indicated the Petition should have stated "greater than $75,000.00."

[4] *See* Exhibit B, Affidavit of Michael Roper; *see also Royal Ins. Co. of America v. Quinn-L Capital Corp.*, 3 F.3d 877, 882 (5ᵗʰ Cir. 1993), *cert. denied*, 114 S. Ct. 1541 (1994) (defining "Lloyds' Plan" insurer). *See, e.g. Garza v. State Farm Lloyds*, 2013 WL 3439851, at *2 (S.D. Tex. July 8, 2013) ("Therefore, the Court finds that State Farm has sufficiently demonstrated by a preponderance of the evidence that its underwriters are not citizens of Texas. This means State Farm and the Plaintiffs are completely diverse.")

[5] *See* Exhibit B, Affidavit of Michael Roper.

underwriters were and are domiciled in Illinois[6].  Specifically, all underwriters are residents of Illinois, employed in Illinois and are intending to remain domiciled in Illinois during their time as an underwriter for State Farm Lloyds.[7]

8.      Further, this Court has diversity jurisdiction over this matter because the amount in controversy exceeds $75,000, exclusive of interest and costs.  Plaintiffs have indicated their damages exceed $75,000.[8]  In addition, Plaintiffs made a pre-suit DTPA demand to State Farm in which Plaintiff asserted damages of $62,740.34, plus $10,175.34 for prompt payment interest (accruing daily), plus $7,700.00 in attorneys' fees at that time.[9]  Consistent with the amount sought in the Petition and Plaintiffs' settlement demand, this dispute has the potential to exceed the amount in controversy required for diversity jurisdiction pursuant to 28 U.S.C. §1332.

9.      In addition, in determining the amount in controversy, the court may consider "policy limits and potential attorney's fees, penalties, statutory damages, and punitive damages."[10] Here, Plaintiffs claim severe weather caused damages to their property that Plaintiffs insured through State Farm Lloyds.[11]  Plaintiffs seek damages for State Farm's alleged failure to pay them

---

[6] *Id.*

[7] *Id.*

[8] *See* Exhibit A, Plaintiff's Original Petition at page 2.  *See* also Exhibit E, Declaration of Jessica R. Mann: Defendant's counsel conferred with Plaintiffs' counsel concerning the damages pled, and Plaintiffs' counsel indicated the Petition should have stated "greater than $75,000.00."

[9] *See* Exhibit C, Plaintiffs' DTPA demand letter.

[10]   *St. Paul Reinsurance Co., Ltd v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998); *see Ray v. State Farm Lloyds*, 1999 WL 151667 (N.D. Tex. Mar. 10, 1999) at *2-3 (finding a sufficient amount in controversy in Plaintiffs' case against their insurance company for breach of contract, fraud, negligence, gross negligence, bad faith, violations of the Texas Insurance Code, violations of the Texas Deceptive Trade Practices Act, and mental anguish); *Fairmont Travel, Inc. v. George S. May Int'l Co., et. al.*, 75 F. Supp. 2d 666, 668 (S.D. Tex. 1999) (considering DTPA claims and the potential for recovery of punitive damages for the amount in controversy determination); *Chittick v. Farmers Insurance Exchange*, 844 F. Supp. 1153, 1155 (S.D. Tex. 1994) (finding a sufficient amount in controversy after considering the nature of the claims, the types of damages sought and the presumed net worth of the defendant in a claim brought by the insureds against their insurance company for actual and punitive damages arising from a claim they made for roof damages); *see also Waldon v. Stonebridge Life Ins. Co.,* 2013 WL 12090036 (W.D. Tex. Oct. 8, 2013) at *1 (" In ascertaining the amount in controversy, a court may consider policy benefits, potential attorney's fees, as well as penalties, statutory damages, and punitive damages the insurer could be liable for under state law." (citing *St. Paul,* 134 F.3d at 1253)).

[11] *See* Exhibit A, Plaintiff's Original Petition at page 3.

what was owed under the terms of their insurance contract.[12]  The Policy at issue for the reported date of loss is a Texas Rental Dwelling Policy with coverage limits of $205,500 for the dwelling and $30,825 for personal property.

10.     In addition, Plaintiffs seek actual damages and statutory interest penalties.[13] Plaintiffs also seek attorney fees for bringing this suit.[14]  Thus, given the plain language of their pleading, the Policy involved in Plaintiffs' claim, the nature of Plaintiffs' claims, and the types of damages sought, it is more likely than not that the amount in controversy exceeds the federal jurisdictional minimum of $75,000.

11.     Based on the Policy's coverage limits and the damages alleged, it would be legally possible for Plaintiffs to obtain a recovery of at least $75,000.00.

### *The Removal is Procedurally Correct*

12.     State Farm was first served with Plaintiffs' Original Petition in District Court on October 19, 2021.  Therefore, State Farm filed this Notice of Removal within the 30-day time period required by 28 U.S.C. §1446(b).

13.     Venue is proper in this district under 28 U.S.C. §1446(a) because this district and division embrace the place in which the removed action has been pending and because a substantial part of the events giving rise to Plaintiffs' claims allegedly occurred in this district.

14.     Pursuant to 28 U.S.C. §1446(a), all pleadings, process, orders, and all other filings in the state court action are attached to this Notice as Exhibit A.

15.     Pursuant to 28 U.S.C. §1446(d), promptly after State Farm files this Notice, written notice of the filing of this Notice of Removal will be given to Plaintiff, the adverse party.

---

[12] *See* Exhibit A, Plaintiff's Original Petition at page 3.

[13] *See* Exhibit A, Plaintiff's Original Petition at pages 9-10.

[14] *See* Exhibit A, Plaintiff's Original Petition at pages 9-10.

16.     Pursuant to 28 U.S.C. §1446(d), a true and correct copy of this Notice will be filed with the District Clerk for 112th Judicial District Court for Pecos County, Texas, promptly after State Farm files this Notice.

WHEREFORE, Defendant State Farm Lloyds requests that this action be removed from the 112th Judicial District Court of Pecos County, Texas to the United States District Court for the Western District of Texas, Pecos Division, and that this Court enter such further orders as may be necessary and appropriate.

Respectfully submitted,

LINDOW ▪ STEPHENS ▪ SCHULTZ LLP
One Riverwalk Place
700 N. St. Mary's St., Suite 1700
San Antonio, Texas 78205
Telephone:     (210) 227-2200
Facsimile:     (210) 227-4602
dstephens@lsslaw.com
jmann@lsslaw.com

By:     _____
        David R. Stephens
        State Bar No. 19146100
        *Attorney-in-Charge*
        Jessica R. Mann
        State Bar No. 24080165

COUNSEL FOR DEFENDANT STATE FARM
LLOYDS

5

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing Notice of Removal was filed electronically with the United States District Court for the Western District of Texas – Pecos Division, with notice of case activity to be generated and sent electronically by the Clerk of the Court with ECF notice being sent and via email on the 18th day of November, 2021, addressed to those who do not receive notice from the Clerk of the Court.

Carla R. Delpit
Phillip N. Sanov
MORGAN & MORGAN, PA
16225 Park Ten Place, Suite 500
Houston, Texas 77084
cdelpit@forthepeople.com
psanov@forthepeople.com

_____
David R. Stephens / Jessica R. Mann